## A. LINCOLN A. STEELMAN et al.

*v.*

## MOORE BROTHERS GLASS COMPANY.

[Decided May 24th, 1922.]

Statutory fees for drawing and service of notices, when they are printed and mailed to large numbers of respondents—stockholders and creditors of corporations, *cestui que trust*, or the like—are not taxable in the costs under the fee bill (*Comp. Stat. p. 2280*), but proper compensation for the services performed will be included in the allowance to the officer actually doing the work, and the expenses thereof will be allowed in the disbursements.

On motion for taxation of fees for drawing and serving notices.

*Mr. Austin H. Swackhamer,* for the motion.

WALKER, CHANCELLOR.

Orders to show cause were made in this case on December 20th, 1920, and December 12th, 1921, on creditors and bondholders of the defendant company, with direction that copies thereof be served by mailing the same to the respective post-office addresses of the parties mentioned, with postage prepaid, as is usual in such cases. This was done. The case is finished, and it has been ordered that the trustee of the defendant company have costs and counsel fee out of the fund raised in the suit, and that the balance be distributed, as in the order therefor directed. The solicitor of the trustee has applied to have taxed costs of serving the orders to show cause above mentioned as notice to the respondents. This will be denied, and the clerk will be directed not to allow fees for making copies, typewritten or printed, which were served by mail, or for serving them. That does not mean that those services are to be per-

534 CASES IN CHANCERY, 1922.

Steelman v. Moore Bros. Glass Co. 93 N. J. Eq.

formed gratuitously or at the expense of the trustee or its solicitor, as the making and serving of the copies of the orders are taken into account in making allowance to trustee or solicitor, whichever did the work, and the expense incurred is to be allowed as a disbursement.

This matter was set at rest by Vice-Chancellor Pitney many years ago in a memorandum which he wrote but did not publish. It is entirely dispositive of the present application, and the importance of the deliverance by way of information to the members of the bar, of the court's construction of the fee bill, calls, I think, for its publication now. It was written in the case of *Ross* v. *American Employers' Liability Co.* (*docket 18 p. 788*), and is as follows:

"In this case a bill was filed to wind up an insolvent corporation. An order appointing a temporary receiver was made, and it provided that the creditors and stockholders of the company show cause, on a day named, why the temporary receiver should not be appointed permanent receiver; and the order further provided that within five days a copy of the order should be mailed to each creditor and stockholder of the company whose address could be ascertained. On the return day of the order the court refused to continue the appointment of the temporary receiver, and appointed a permanent receiver to wind up the company, who has since distributed a portion of its assets. Immediately after the appointment of the permanent receiver the question of compensation for the temporary receiver and his counsel, who were the solicitors of the complainant, was brought before the court, and it was ordered that there be allowed to the temporary receiver the sum of $1,000 in full for his compensation as such temporary receiver and in full of the compensation of his counsel in New Jersey and in New York to be paid by him. Allowance was also made to other counsel who appeared in opposition to the continuance of the temporary receiver. The solicitors and counsel, thus provided for took no further part in the conduct of the proceedings, the permanent receiver acting as his own solicitor and counsel.

"Upon the winding up of the affair an order was made that the receiver pay the taxed costs of the solicitor of the complain-

ant in the bill. Those costs were at first taxed at $70.50, but the solicitors declined to receive that amount, and upon application to the clerk he made a taxation of further costs, which is composed, mainly, of two items, as follows:

> " 'Copies of order appointing temporary receiver.. $276.30
> Serving copies of order...................... 245.60'

"Upon inquiry of the clerk he states that he allowed the solicitors for six hundred and fourteen copies, at five cents per folio, of the order which was mailed to the creditors and stockholders, amounting to $276.30, and for mailing the same forty cents for each copy, amounting to $245.60; and he justifies the allowance under this clause in the chancery fee bill—'For drawing notice of every motion, copy and service, forty cents.'

"The receiver moves to strike out those items, and with them all the costs of making the additional taxation, which items amount to about $3.

"The question raised is of much importance, as the mode of giving notice to creditors and stockholders of insolvent corporations adopted in this case is the one usually adopted by the court, and many thousands of notices are sent through the mail each year by order of the court. This is the first time, so far as brought to the knowledge of the court, that such a taxation has ever been made. The expense and labor of executing an order of that kind has always been taken into account in fixing the compensation allowed to the counsel and the receiver. The notices mailed in this case were, as usual, printed on the back of postal cards, and the original cost of the postal cards and the cost of the printing were proper items of expense to be allowed either to the solicitor or receiver, whichever incurred it. Usually it is paid by the receiver, if he had any funds to do so.

"It is clearly not within the letter of the above-quoted provision of the fee bill, and, in my judgment, is not within the spirit of that provision.

"The cost of preparing printed copies of such an order and mailing the same, and the labor connected therewith, bear no kind of proportion to the fees allowed for drawing and serving a notice of a motion in the cause, and tend to seriously increase

the cost of winding up a corporation, as it is the practice of the court to order notices to be sent by mail to creditors and stock-holders of every important order and direction given by the court in each suit of that character.

"In the case in hand the receiver was directed on several occasions to mail notices of this character to a great number of parties, and if allowed compensation for that on the basis of the taxation allowed in this instance, his fees would amount to several thousand dollars.

"I think the receiver's motion must prevail, and the taxation of the clerk be overruled."

The item in the fee bill quoted by the learned vice-chancellor is to be found in *Comp. Stat. p. 2280.* It is a very old provision and was enacted at a time when there was little or no service of notices by mail, and contemplated the drawing of them in manuscript, copying them by hand, and the actual service of them on the respondents personally. To allow full fees for service on respondents when it is made by wholesale on large numbers, by printing the notices (copies of orders often) and sending them by mail, would amount in many cases to hundreds and even thousands of dollars, and this for services never ac-tually performed by solicitors, or anyone for them, that is, for notices never actually drawn or served by them, thus entailing disproportionately large costs to litigants; and I quite agree with the vice-chancellor that such taxation is neither within the letter nor the spirit of the fee bill.

The statutory fees for drawing and mailing the notices in this case will not be taxed, but the actual expenses thereof will be allowed in the disbursements, and proper compensation for the services actually performed will be included in the allowance to the trustee or the solicitor, whichever did the work.

This ruling does not affect notices, whether in that form strictly or by way of copies of orders, served personally on adversary parties in the usual and orderly conduct of causes, as those, of course, are taxable under the fee bill.